UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WATKINS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. KENWORTHY, et al.,<br><br>　　　　Defendants. | 1:14-cv-00672-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, WITHOUT PREJUDICE TO FILING A HABEAS CORPUS PETITION<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I. BACKGROUND

Eric Watkins ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 26, 2014, at the United States District Court for the Northern District of California. (ECF No. 1.) On May 2, 2014, the case was transferred to the Eastern District of California. (ECF No. 6.)

On September 5, 2014, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend. 28 U.S.C. § 1915A. (ECF No. 16.) On October 17, 2014, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (ECF No. 18.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  The events at issue in the First Amended Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated at there.  Plaintiff names as defendants Miss Kenworthy, Jinings (ICC), and Warden Gipson ("collectively, Defendants").  Plaintiff's allegations follow, in their entirety.

> "ICC, Jining was saing (*sic*) the court was not right by not let
> Eric Watkins parole on time.

> Miss Kenworthy was saing (*sic*) that I Watkins, wasn't strong, or in control of myself, to make it, out, street, what I believe is that Miss Kenworthy think I am retarded but I am not at all. Miss Kenworthy she ask me or (*sic*) you going to do with all that money when you parole. I am useing (*sic*) it for myself and family, I Eric Watkins saide (sic) to Miss Kenworthy.
>
> I am Eric Watkins and a Warden, Mr. Gipson was asking me Watkins was I elgible (*sic*) to control my own self with my family or you really to support like your own home, and, pay bill. I Eric Watkins said yes. Mr. Gipson said you or (*sic*) not retarded to me."

(Second Amended Complaint, ECF No. 18 at 4-6.) Plaintiff requests as relief to be released from prison.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983); see also Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011); Simpson v. Thomas, 528 F.3d 685, 692-93 (9th Cir. 2008). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).  Where the complaint states a habeas claim instead of a § 1983 claim, the Court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In the instant case, Plaintiff's allegations consist only of brief conversations between Plaintiff and the defendants, apparently concerning Plaintiff's eligibility or suitability for parole.  These allegations are insufficient to state a §1983 claim against any of the defendants. Plaintiff has not alleged facts demonstrating that any of the defendants' actions deprived him of his rights under the U.S. Constitution or other federal law.  Moreover, Plaintiff's only request for relief is to be released from prison.  Because success on Plaintiff's claim would entitle him

to a release from prison, his sole federal remedy is a writ of habeas corpus. Accordingly, this case should be dismissed for failure to state a § 1983 claim, without prejudice to filing a petition for writ of habeas corpus.

## V.     CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed for failure to state a claim upon which relief may be granted under § 1983, without prejudice to filing a habeas corpus petition.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2015**                    /s/ Erica P. Grosjean
                                                                       UNITED STATES MAGISTRATE JUDGE