UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARK WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>DR. T. KENWORTHY, et al.,<br><br>Defendants. | No. 1:14-cv-00672-DAD-EPG<br><br><br><br>ORDER<br><br>(Doc. Nos. 25, 27) |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the complaint commencing this action on March 26, 2014, at the United States District Court for the Northern District of California.  (Doc. No. 1.)  The case was transferred to the Eastern District of California on May 2, 2014.  (Doc. No. 6.)  On December 16, 2015, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed for failure to state a claim under § 1983, without prejudice to filing a petition for writ of habeas corpus.  (Doc. No. 27.)  Plaintiff was granted thirty days in which to file objections to the findings and recommendations.  (Doc. No. 27)  The thirty day period has expired, and plaintiff has not filed objections or otherwise responded to the findings and recommendations.

1

1 In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. It appears from the brief and difficult to decipher allegations of the first amended complaint that plaintiff is attempting to present a claim that he is eligible for or should be considered for release on parole by state officials. Any claim relating to such issues is not cognizable in an action brought under 18 U.S.C. § 1983.

Accordingly:

1. The findings and recommendations issued by the magistrate judge on December 16, 2015 (Doc. No. 27), are adopted in full;

2. This action is dismissed for failure to state a claim under 42 U.S.C. § 1983, without prejudice to the filing of a petition for writ of habeas corpus;

3. The Clerk of the Court is directed to send plaintiff the form habeas petition;

4. Plaintiff's second motion for appointment of counsel (Doc. No. 25) is denied as having been rendered moot by this order; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 6, 2016**                        /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE